UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.E.A., INC.

       Plaintiff,   Case No: 2:11-cv-10136 JCO MAR

v.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown, inclusive,

       Defendants

---

| | |
|---|---|
| RUTLEDGE, MANION, RABAUT, TERRY, & THOMAS P.C. | HICKS, MIMS, KAPLAN & BURNS |
| BY: JOSEPH J. WRIGHT (P41289) | BY: CARA R. BURNS (CA Bar No. 137557) |
| 4000 Penobscot Building | (Admitted in Eastern District of Michigan) |
| Detroit, Michigan 48226 | 3250 Ocean Park Blvd, Ste 350 |
| Telephone: (313) 965-6100 | Santa Monica, California 90405 |
| Facsimile: (313) 965-6558 | Telephone: (310) 314-1721 |
| jwright@rmrtt.com | Facsimile: (310) 314-1725 |
| | cburns@hmkblawyers.com |

---

**TEMPORARY RESTRAINING ORDER AND
ORDER OF SEIZURE; AND HEARING ON MOTION FOR A PRELIMINARY
INJUNCTION AND SEIZURE ORDER**

      Based upon the complaint, memorandum of points and authorities, Declaration of Tyler Zeigler and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

      **IT IS HEREBY ORDERED** that defendants John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants), appear before the Honorable John Corbett O'Meara, United States District Court Judge, in Courtroom 100 of the

United States District Court for the Eastern District of Michigan, located at 200 East Liberty Street, Ann Arbor, Michigan at **2:15 p.m. on JANUARY 25, 2011** or as soon thereafter as counsel can be heard, and state why pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq. and Local Rule 65.1, an order should not be entered granting to Plaintiff, F.E.A., Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, servicemarks, likenesses, or logos of the artist known as **"KID ROCK"** (collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Trademarks, namely of **KID ROCK** which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to the Ford Field in Detroit, Michigan, in connection with the concert to be held there on January 15, 2011;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $8,000 no later than **June 14, 2011** to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **January 20, 2011**.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before **January 24, 2011**.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**


Date: January 12, 2011                                                   s/John Corbett O'Meara
Time: 7:40 a.m.                                                              United States District Judge